IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JOHN DAVID LEE TANTILLO,**

        **Plaintiff,**

vs.                                                                  **No. CIV 00-0755 LCS-ACE**

**BRIDGERS & PAXTON CONSULTING**
**ENGINEERS, INC., a New Mexico corporation,**
**MICHAEL DEXTER, individually and**
**in his corporate capacity, and**
**JOHN B. GRAPSAS, individually and**
**in his corporate capacity,**

        **Defendants.**

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** came before the Court on Plaintiff's Motion to Remand (Doc. 10), filed July 11, 2000. The Court, acting upon consent and designation pursuant 28 U.S.C. § 636, and having considered the pleadings, arguments of counsel, relevant law, and being otherwise fully advised, finds that this Motion is not well-taken and should be **DENIED**.

**I.**     **Background.**

    On March 16, 2000, Plaintiff brought this action under state law in the Second Judicial District Court, County of Bernalillo, State of New Mexico. On May 5, 2000, Plaintiff filed a First Amended Complaint for Employment Discrimination, in which he asserted a claim under of the Americans with Disabilities Act ("ADA"), 42 U.S.C, § 12101, *et seq.,* as well as state law claims for violation of the New Mexico Human Rights Act, intentional infliction of emotional distress, prima facie tort, assault and battery, negligent supervision, breach of employment contract, and breach of

the covenant of good faith and fair dealing.  (Doc. 1, Ex. K.)  On May 24, 2000, Defendants filed a joint Notice of Removal to this Court pursuant to 28 U.S.C. § 1441 on the basis of federal question jurisdiction because Plaintiff's First Amended Complaint included a claim under the ADA..  *See* 28 U.S.C. § 1331.

In support of his Motion to Remand, Plaintiff argues that this Court should not exercise federal question jurisdiction because his state law claims predominate and that the entire case should be remanded pursuant to 28 U.S.C. § 1367.

**II.     Analysis**

Federal removal jurisdiction is statutory in nature and must be strictly construed.  *See Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108 (1941).  Doubts are to be resolved in favor of remand.  *See Laughlin v.  K-Mart Corp.*, 50 F. 3d 871, 873 (10th Cir. 1995).  The parties invoking federal jurisdiction have the burden of establishing its propriety. *See Prize Frize, Inc. v. Matrix, Inc.*, 167 F. 3d 1261, 1265 (9th Cir. 1999). Plaintiff argues that this Court has discretion to remand all of his claims, including the federal ADA claim.  In support of this argument, Plaintiff initially relies on 28 U.S.C. § 1441(c).  Section 1441(c) provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

Section 1441 was amended in 1990.  In the ensuing decade, there has been much debate on the effects the amendment.  The Honorable Bruce D. Black, United States District Judge, recently published an excellent discussion tracing the ramifications of the 1990 amendment.  *See Lujan v. Earthgrains Baking Companies, Inc*., 42 F. Supp.2d 1219, 1220-21 (D. N.M. 1999).  Judge Black

noted that, while some courts initially assumed that the amendment expanded their authority to remand federal question claims when state law claims predominated, the more recent authorities on this issue have held that only state law claims may be remanded, not federal claims.  *See Lujan*, 42 F. Supp. 2d at 1222 n.9 (citing *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 785-87 (3d Cir.1995); *Buchner v. FDIC*, 981 F. 2d 816, 819-20 (5th Cir. 1993); *Hickerson v. City of New York*, 932 F. Supp. 550 (S.D.N.Y.1996); *Salei v. Boardwalk Regency Corp.*, 913 F. Supp. 993 (E.D.Mich.1996); *Kabealo v. Davis*, 829 F. Supp. 923, 926 (S.D.Ohio 1993), aff'd without op., 72 F.3d 129 (6th Cir.1995); *Torres v. Ortega*, 1993 U.S. Dist. Lexis 2644 (N.D.Ill.1992)).

Other courts have acknowledged the trend and endorsed this approach.  *See In re City of Mobile*, 75 F. 3d 605 (11th Cir. 1996); *Doll v. U.S. West Communications, Inc.*, 85 F. Supp.2d 1038 (D. Colo. 2000); *Mincy v. Staff Leasing, L.P.,* 100 F. Supp.2d 1050 (D. Ariz. 2000); *Surprise v. GTE Service Corp.*, 47 F. Supp.2d 240 (D. Conn. 1999).  Accordingly, I find the analysis of *Lujan* to be persuasive, adopt Judge Black's rationale in that case, and hold that Section 1441(c) does not require that this case be remanded.

Moreover, Plaintiff's state law claims are not separate and independent from his federal ADA claim.  The state law claims, although grounded on different theories of liability, arise out of an "interlocking series of transactions" related to Plaintiff's termination and thus derive from substantially the same facts.  *See Doll*, 85 F. Supp.2d at 1042 (quoting *Eastus v. Blue Bell Creameries*, 97 F.3d 100, 104-05 (5th Cir.1996)).  Consequently, remand would not be appropriate under any reading of Section 1441(c).

Plaintiff also asserts that the case should be remanded pursuant to 28 U.S.C. § 1367 (c), relying on an unpublished decision by Judge Black. *See Downing & Roemer v. Circle K*, CIV 96-949

3

BB/WWD (Sept. 6, 1996). Section 1367(a) authorizes the Court to exercise supplemental jurisdiction over state law claims that are so related to the federal question that the form part of the "same case or controversy." 28 U.S.C. § 1367(a). Subsection (c) of 1367 does not authorize remand of a federal question claim. *See Borough of West Mifflin*, 45 F. 3d at 787. Thus, Section 1367 does not permit remand of Plaintiff's ADA claim, but would only permit this Court to decline to exercise supplemental jurisdiction over his state law claims. *See James v. Sunglass Hut*, 799 F. Supp. 1083, 1085 (D. Colo. 1992). I find that Judge Black's reasoning in *Downing* is not compelling and decline to follow it.

The only remaining question is whether the Court should exercise supplemental jurisdiction over Plaintiff's state law claim. Subsection (c) of 1367 provides that the court may decline to exercise supplemental jurisdiction over claims under Subsection (a) of 1367 under four distinct circumstances,[1] none of which are satisfied in this case. First, Plaintiff's state law claims do not present any novel or complex issues of state law. Second, the state law claims, while more numerous than the federal law claim, do not substantially predominate as all relate to the termination of Plaintiff's employment in involve a common nucleus of operative facts. *See Gard v. Teletronics Pacing Sys., Inc.,* 859 F. Supp. 1349, 1353 (D. Colo. 1994). Third, the federal claim has not been dismissed. Finally, Plaintiff has

---

[1] 28 U.S.C. § 1367(c) provides:
(c) the district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
    (1) the claim raises a novel or complex issue of State law;
    (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
    (3) the district court has dismissed all claims over which is has original jurisdiction, or
    (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

not raised any exceptional circumstances that would require the Court to decline to exercise supplemental jurisdiction. Therefore, the Court will exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

In this case, Plaintiff's state and federal claims all stem from the facts surrounding the termination of Plaintiff's employment with Bridgers & Paxton. Pursuant to the decision in *Lujan*, remand would not be appropriate under Section 1441(c). Additionally, the Court notes that at this time none of the exceptions to supplemental jurisdiction under 28 U.S.C. § 1367(c) are applicable. However, the Court reserves the right to decline to exercise supplemental jurisdiction over the state law claims in the event Plaintiff's ADA claim is eventually dismissed. *See* 28 U.S.C. § 1367(c)(3).

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. 10), filed July 11, 2000, is **DENIED**.

_____
**LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE**