IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN DAVID LEE TANTILLO,

        Plaintiff,

vs.                                                  No. CIV 00-0755 LCS-ACE

**BRIDGERS & PAXTON CONSULTING
ENGINEERS, INC.**, a New Mexico corporation,
**MICHAEL DEXTER**, individually and
in his corporate capacity, and
**JOHN B. GRAPSAS**, individually and
in his corporate capacity,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendants Bridgers & Paxton Consulting Engineers, Inc. (Bridgers & Paxton) and Michael E. Dexter's (Dexter) Motion to Dismiss Complaint and Stay Discovery, filed on April 14, 2000, and Defendant John B. Grapsas' (Grapsas) Motion to Dismiss Complaint and Stay Discovery, filed on April 14, 2000. Both Motions were filed when matter was pending in the Second Judicial District Court, County of Bernalillo, State of New Mexico The Court, acting upon consent and designation pursuant 28 U.S.C. § 636, and having considered the pleadings, briefs, arguments of counsel, relevant law, and being otherwise fully advised, finds that these Motions are well-taken in part and should be **GRANTED AND DENIED IN PART**.

**I.    Background.**

On March 16, 2000, Plaintiff brought this action under state law in state court. On April 14, 2000, Defendants filed their Motions to Dismiss Complaint and Stay Discovery. On May 5, 2000,

Plaintiff filed a First Amended Complaint for Employment Discrimination, in which he asserted a claim under of the Americans with Disabilities Act ("ADA"), 42 U.S.C, § 12101, *et seq.,* as well as state law claims for violation of the New Mexico Human Rights Act (NMHRA), NMSA, § 28-1-1, *et seq.*, intentional infliction of emotional distress, prima facie tort, assault and battery, negligent supervision, breach of employment contract, and breach of the covenant of good faith and fair dealing.  (Doc. 1, Ex. K.)

On May 24, 2000, Defendants filed a joint Notice of Removal to this Court pursuant to 28 U.S.C. § 1441 on the basis of federal question jurisdiction because Plaintiff's First Amended Complaint included a claim under the ADA.  *See* 28 U.S.C. § 1331. Plaintiff filed a Motion to Remand, which was denied on August 7, 2000.  At the July 13, 2000,  Rule 16, 2000 Initial Scheduling Conference before this Court, Defendants renewed their Motions to Dismiss and, on July 24, 2000, Plaintiff was permitted to file a Surreply to these Motions.

**II.     Standard for Dismissal Under Federal Rule of Civil Procedure 12(b)(6).**

A case should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In ruling on a motion to dismiss, the court must accept all the well-pleaded factual allegations of the complaint as true and view them in the light most favorable to the non-moving party.  *See Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F. 3d 1226, 1236 (10th Cir.1999).  In accepting the complaint's allegations as true, the court must consider whether the complaint, standing alone, is legally sufficient to state a claim upon which relief may be granted. *See Ordinance 59 Ass'n v. United States Dep't of Interior Secretary*, 163 F. 3d 1150, 1152 (10th Cir.1998).

**III.    Analysis**

In their Motions, Defendants asserted that this matter should be dismissed for insufficiency of service of process. However, in their Reply, Bridgers & Paxton and Dexter stated that the portions of their Motion concerning service of process and discovery were withdrawn because all contested issues regarding these matter had been resolved. (Reply to Pl.'s Resp. to Defs. Bridgers and Paxton's and Dexter's Mot. to Dismiss at 1-2.) Because Grapsas did not file a Reply with respect to his motion, but did file an Answer to the Amended Complaint on May 18, 2000, the Court will presume that the portions of his Motion concerning service of process and discovery are also withdrawn. In the event that these matters have not been so resolved, Grapsas may renew his motion with respect to service of process and discovery.

Defendants argue that all of Plaintiff's claims against the individual defendants should be dismissed because the individuals were acting within the course and scope of their employment. I agree that certain claims should be dismissed as to the individual defendants, albeit for different reasons. The ADA precludes personal capacity suits against individuals. *See Butler v. City of Prairie Village*, 172 F. 3d 736, 744 (10th Cir. 1999). Moreover, a plaintiff may not sue individual defendants under the NMHRA unless he first exhausts administrative remedies against them. *See Luboyeski v. Hill*, 117 N.M. 380, 382, 972 P.2d 353, 355 (1994). Plaintiff does not allege that he exhausted administrative remedies with respect to the individual defendants. Therefore, Plaintiff's claims under the ADA and the NMHRA should be dismissed as to Dexter and Grapsas.

Plaintiff's remaining claims for intentional infliction of emotional distress, prima facie tort,

3

assault and battery are all intentional torts.[1]  Officers or employees of a corporation may be held personally liable when they commit intentional torts. *See Bourgeous v. Horizon Healthcare Corp.*, 117 N.M. at 437, 872 P.2d at 855.  Plaintiff alleges that Grapsas was personally involved in all of the alleged intentional torts.[2]  Plaintiff further alleges that Dexter was personally involved in the intentional torts of intentional infliction of emotional distress and prima facie tort.  Therefore, Dexter's Motion to Dismiss should be denied with respect to the claims for intentional infliction of emotional distress and prima facie tort.  Grapsas' Motion to Dismiss should be denied with respect to the claims for intentional infliction of emotional distress, prima facie tort, and assault and battery.

**WHEREFORE,**

**IT IS ORDERED** that Defendants Bridgers & Paxton and Dexter's Motion to Dismiss Complaint and Stay Discovery, filed on April 14, 2000, and Defendant Grapsas' Motion to Dismiss Complaint and Stay Discovery, filed on April 14, 2000, are **GRANTED AND DENIED IN PART**. Plaintiff's ADA and NMHRA claims against Defendants Dexter and Grapsas are **DISMISSED**.  The Motions are otherwise **DENIED**.

_____
**LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE**

---

[1] Plaintiff's claims for negligent supervision, breach of employment contract, and breach of the covenant of good faith and fair dealing are directed solely at Bridgers & Paxton. (First Amended Compl. ¶¶ 60-62; 76-88.)

[2] Plaintiff's claim for assault and battery is not directed at Defendant Dexter. (First Amended Compl. ¶¶ 49-59.)